UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WYNDHAM HOTELS AND RESORTS, LLC, | Civ. No. 15-4300 (KM) (MAH) |
| Plaintiff, | OPINION |
| v. | |
| J&S PRIDE, LLC and PALMINDER SEHMBEY, | |
| Defendants. | |

### MCNULTY, U.S.D.J.:

This matter comes before the Court on the unopposed motion of the plaintiff, Wyndham Hotels & Resorts, LLC ("WHR"), for default judgment against the defendants, J&S Pride, LLC ("J&S") and Palminder Sehmbey ("Sehmbey"). For the reasons set forth below, I will enter default judgment against J&S and Sehmbey. WHR is awarded $112,056.46 in outstanding fees and interest. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

### BACKGROUND

WHR is a Delaware corporation with its principal place of business in New Jersey. (Complaint, Dkt. No. 1 ("Compl.") ¶ 1) J&S is a limited liability company organized under the laws of and maintaining its principal place of business in Texas. (*Id.* ¶ 4) Sehmbey is the sole member of J&S and is a citizen of California. (*Id.* ¶ 5)

This suit arises from a franchise agreement entered into between WHR and J&S on May 6, 2011 ("Franchise Agreement") pursuant to which J&S was to operate a 149-room hotel under the WHR name in Texarkana, Texas for a

1

period of twenty years. (Compl. ¶¶ 11-12) Sehmbey, J&S's sole member, signed the Franchise Agreement on behalf of J&S. (Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default, dated February 11, 2016, Dkt. No. 11-4 ("Fenimore Aff.") Ex. A ("Franchise Agreement") p. 29) Sehmbey also executed a guaranty of J&S's obligations under the Franchise Agreement ("Guaranty"). (Compl. ¶ 18; Fenimore Aff. Ex. B) The Guaranty committed Sehmbey to make any unpaid payments on behalf of J&S in the event that J&S defaulted under the Franchise Agreement. (Compl. ¶ 19)

Under the terms of the Franchise Agreement, J&S was obligated make periodic payments to WHR for royalties, taxes, and a variety of fees, which are collectively defined by the Franchise Agreement as "Recurring Fees." (Compl. ¶ 13; Franchise Agreement § 3) In order to calculate the royalties owed, J&S undertook to prepare and submit to WHR monthly gross room revenue reports. (Compl. ¶ 15; Franchise Agreement § 13.B) J&S was also obligated to maintain accurate books and records and to allow WHR to audit those documents. (Compl. ¶ 16; Franchise Agreement § 13.A) The Franchise Agreement provided that WHR could terminate the agreement if J&S discontinued operating the property as a WHR-branded hotel or if J&S lost possession of the property. (Franchise Agreement § 17) In the event one of those two things happened, J&S agreed to pay all outstanding amounts owed. (Franchise Agreement § 18.D) On September 2, 2015, J&S lost possession of the property to a third party, triggering default and a termination of the Franchise Agreement. (Fenimore Aff. ¶ 18, Ex. H) WHR informed J&S that it all outstanding Recurring Fees through the date of termination. (*Id.* ¶ 19)

On June 24, 2015, WHR filed its complaint in this action. (Dkt. No. 1) The complaint asserts causes of action sounding in breach of contract and unjust enrichment based on the failure of J&S and Sehmbey' to remit payment on the Recurring Fees. Although served, neither J&S nor Sehmbey answered the complaint. On October 7, 2015, the clerk entered default against J&S and Sehmbey. On February 12, 2016, WHR filed this motion for a default judgment

against J&S and Sehmbey. (Dkt. No. 11) WHR seeks $112,056.46 in unpaid recurring fees and interest. (Fenimore Aff. ¶ 20)

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**LEGAL STANDARD AND DISCUSSION**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### I.   Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the

3

defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual, such as Sehmbey, may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity, such as J&S, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in

accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

Here, the prerequisites for default judgment have been met. The complaint was filed on June 24, 2015. (Dkt. No. 1) Despite diligent efforts and inquiry, WHR was unable to personally serve J&S, Sehmbey, or any person authorized to receive service on behalf of J&S. (Certification of Bryan P. Couch In Support of Motion for Final Judgment by Default, dated February 2, 2016, Dkt. No. 11-3 ("Couch Cert.") ¶ 5) WHR did, however, successfully serve the Summons and Complaint on August 6, 2015 via regular and certified mail as permitted by N.J. Ct. R. 4:4-4(b)(3). (*Id.* ¶ 6) J&S and Sehmbey had twenty-one days (until September 27, 2015) to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against J&S and Sehmbey on October 7, 2015. (Docket Entry following Dkt. No. 5) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco*

*Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

My independent review of the record does not suggest that the claims asserted by WHR against the defendants are legally flawed or that either J&S or Sehmbey could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that WHR has successfully stated claims for relief as against J&S and Sehmbey.

The complaint asserts four causes of action, which, in essence, amount to a claim for breach of contract against J&S for failing to remit payment on the Recurring Fees and breach of the Guaranty against Sehmbey, in his capacity as guarantor, for failing to pay the Recurring Fees on behalf of J&S. Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint establish that those elements are satisfied here. The declaration submitted in support of WHR's motion and the exhibits annexed thereto corroborate those factual allegations. Both the Franchise Agreement and Guaranty are valid and enforceable contracts. Those contracts were breached by J&S's failure to pay certain of the Recurring Fees owed to WHR and Sehmbey's failure to personally pay them as guarantor. WHR has accrued damages as a result of these breaches. In sum, the facts alleged by WHR state a claim for breach of the Franchise Agreement against J&S and breach of the Guaranty against Sehmbey. I cannot discern a meritorious defense to these claims from the record before me.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. J&S and Sehmbey were properly served on August 6, 2015 but have failed to appear and defend themselves in any manner. It is clear that WHR has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment against J&S and Sehmbey, and I will grant the motion for default judgment against the defendants.

### III. Remedies

WHR seeks to recover $112,056.46 in Recurring Fees, including principal and interest. (*See* Fenimore Aff. ¶ 20) WHR has submitted documentary evidence in support of its demands, while J&S and Sehmbey have submitted nothing and have failed to appear or respond in any manner. An *ex parte*

hearing would serve little additional purpose, so I rule based on the record before me.

I will grant WHR's request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Aff. ¶ 20) WHR has documented recurring fees (and the interest thereon calculated at 1.5% monthly) owed from November 2013 through August 2014 in the amount of $112,056.46. (Fenimore Aff. Ex. I)

The total judgment awarded is, therefore, $112,056.46. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**CONCLUSION**

For the foregoing reasons, the motion is granted as to defendants J&S and Sehmbey, and a default judgment will be entered in favor of plaintiff WHR against defendants J&S and Sehmbey in the total amount of $112,056.46, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

_____
KEVIN MCNULTY, U.S.D.J.

Date: April 5, 2016